CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 30 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOWELL TRAVIS LEGENDRE, | CASE NO. 7:19CV00814 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DETECTIVE E. MANEY, ET AL., | By: Glen E. Conrad |
| | Senior United States District Judge |
| Defendants. | |

Jowell Travis LeGendre, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that law enforcement authorities have violated his constitutional right to equal protection by refusing to investigate his criminal complaint against the woman who accused him of crimes. Upon review of the record, the court finds that the action must be summarily dismissed.

I.

LeGendre's submissions allege the following sequence of events on which he bases his claims.[1] He is incarcerated at the Albemarle Charlottesville Regional Jail. LeGendre, who is black, has claimed that a white woman attacked and injured him with a knife, but law enforcement authorities relied on her version of their encounter to pursue several serious criminal charges against him. LeGendre filled out a criminal complaint against the woman, but was told that his complaint would not be investigated, because "they don't usually allow cross-warrants." Compl. 3, ECF No. 1.

---

[1] This summary of facts includes details from LeGendre's prior § 1983 complaint. See LeGendre v. Money, No. 7:19CV00686, 2019 WL 5598320, at *2 (W.D. Va. Oct. 30, 2019) (summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state equal protection claim).

LeGendre filed a Citizen Complaint Form with the Charlottesville Police Department ("CPD") against Detective E. Maney,[2] contending that the reason for the decision not to investigate LeGendre's criminal complaint against the woman was race discrimination. LeGendre stated, "A white woman was able to get me locked away with her testimony alone but a black man with evidence that she lied and assaulted him can't even get an investigation." Compl. Attach. 5, ECF No. 1-1. A CPD lieutenant spoke with LeGendre about his complaint. A few weeks later, the lieutenant notified him that the CPD investigation of his complaint was completed and that "the evidence and statements collected . . . [did] not sufficiently support" his discrimination claim against the detective. Id. at 3. LeGendre has asserted that if authorities had investigated his complaint against his attacker, she would have been arrested and he would have been released.

LeGendre filed this § 1983 action, alleging that these events and the policy against investigating cross warrants violated his rights under the Equal Protection Clause of the Fourteenth Amendment. He sues the detective and the lieutenant, the CPD, and the Charlottesville Commonwealth's Attorney's Office, seeking monetary damages and "an official and unbiased investigation of [his] claim." Id.

II.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to

---

[2] Court records also refer to this officer as Detective Money.

raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

LeGendre's allegations do not state the necessary elements of an equal protection claim. He does not provide any information about the nature of the woman's claims against him, the circumstances of their encounter, or how she injured him. Thus, the court cannot find that he has met the requirement of showing that he was similarly situated to the woman in all relevant respects. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002). LeGendre also has not satisfied the requirement to show purposeful discrimination, which takes more than conclusory allegations of racism or discrimination. Chapman v. Reynolds, 378 F. Supp. 1137, 1140 (W.D. Va. 1974). He must allege facts establishing that a "discriminatory purpose was a motivating factor" in the challenged, official decision. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 266 (1977). "[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated." Chapman, 378 F. Supp. at 1140. LeGendre provides no such factual support for his race discrimination claim. At the most, he alleges that he is black and did not have his criminal complaint prosecuted, while a white woman's criminal complaint against him was prosecuted. He provides no factual basis to support a reasonable inference that the official decision not to prosecute his complaint was based on race, rather than on a legitimate, nondiscriminatory factor, such as the totality of the evidence already collected by authorities to support the charges that stemmed from the woman's complaint against LeGendre.[3]

---

[3] Court records online indicate that LeGendre has been tried and is awaiting sentencing in the Charlottesville Circuit Court on charges of object sexual penetration by force, sodomy of a helpless victim or by force, and peeping into a residence through the door, among others.

3

Moreover, LeGendre has no constitutional right to have another person investigated for criminal offenses. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Similarly, he has "no judicially cognizable interest in the prosecution or nonprosecution of another." Id.

Despite the opportunity that the dismissal opinion in LeGendre's prior § 1983 case gave him to correct his factual pleading deficits in this new case, his complaint here also fails to state any claim upon which relief could be granted under § 1983. Accordingly, the court will dismiss LeGendre's action without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of January, 2020.

/s/ Conrad
Senior United States District Judge